UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD ANNABLE,** | ) | **CASE NO. 1:12-cv-2864** |
| | ) | |
| Petitioner, | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | **MAGISTRATE JUDGE** |
| | ) | **KATHLEEN B. BURKE** |
| **WARDEN, Mansfield Correctional** | ) | |
| **Institution,** | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

On November 16, 2012, *pro se* Petitioner Richard Annable ("Petitioner" or "Annable") filed a Petition for Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254, seeking to vacate his convictions in the Cuyahoga County Common Pleas Court for theft, aggravated theft, and practicing medicine and surgery without certification.[1]  On February 8, 2013, Respondent, the Warden of the Mansfield Correctional Institution, filed a Return of Writ.  Doc. 5.

On July 8, 2013, Annable filed a Notice of Withdrawal of Habeas Corpus Petition in which he seeks to withdraw his petition for writ of habeas corpus.  Doc. 13.  Respondent opposes the withdrawal.  Doc. 14.  The matter is now before the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  For the reasons set forth below, the undersigned recommends that Annable's Notice of Withdrawal of Habeas Corpus Petition (Doc. 13) be treated as a motion to dismiss, that the motion to dismiss be GRANTED, and that this action be dismissed without prejudice.

---

[1] On March 4, 2010, Annable was sentenced to a term of imprisonment of 4 years and 6 months.  Doc. 5-1. Ex. 9.

A.   **Dismissal under Civil Rule 41**

Annable's Notice of Withdrawal of Habeas Corpus Petition states he seeks to withdraw his habeas petition

> "due to loss of mental capacity from assault suffered while incarcerated. Combined with severe limitations involving record access, and case law availability; deplorable conditions making any fair or reasonable expectation of 'not' wasting this Honorable Court's time, futile." Doc. 13.

Petitioner's Notice does not state whether he seeks a dismissal with or without prejudice. Because Petitioner is pro se, his Notice will be construed as a Motion to Dismiss without prejudice. See Castro v. United States, 540 U.S. 375, 381-82, 124 S. Ct. 786, 791-92, 157 L. Ed. 2d 778 (2003). Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a filing in order to avoid inappropriately stringent application of formal labeling requirements or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis. Id.

Respondent opposes dismissal and argues that, since he has filed his Answer/Return of Writ, Annable may dismiss without prejudice only by court order. Doc. 14. P. 2. Respondent is correct with respect to the requirement of a court order for a dismissal at this juncture. Pursuant to Federal Rule of Civil Procedure 41,[2] after an answer or motion for summary judgment has

---

[2] Federal Civil Rule 41 governs habeas corpus actions. Habeas Corpus Rule 11, permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." See also Fed. Rule Civ. Proc. 81(a)(2) (The civil rules "are applicable to proceedings for ... habeas corpus."). *Mayle v. Felix*, 545 U.S. 644, 654, 125 S. Ct. 2562, 2569, 162 L. Ed. 2d 582 (2005). *See also Aleman v. Hudson*, Case No. 1:07-CV-739, 2008 WL 821091, at *1 *citing Williams v. Caruso*, No. 2:07-CV-11291, 2008 WL 544954, at *1 (M.D. Mich. Feb. 25, 12 2008) stating "Civil Rule 41 fully applies to federal habeas petitions."

been filed, a plaintiff may voluntarily dismiss a suit only "by court order, on terms the court considers proper." Fed.R.Civ.P.41(a)(2). "[A] voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993). However, a dismissal without prejudice in this case would allow Annable to pursue a second habeas corpus petition only if his second filing occurs within the time allowed by the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2254. *Lind v. Murphy*, 521 U.S. 320, 326-327 (1997).[3]

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S. Ct. 752, 91 L. Ed. 849 (1947); *Kovalic v. DEC Int'l Inc.*, 885 F2d 471, 473 (7th Cir. 1988); *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir.), cert. denied, 479 U.S. 961, 107 S.Ct. 457, 93 L.Ed.2d 403 (1986)). Dismissal is generally allowed unless "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice as opposed to the mere prospect of a second law suit." *Id.* Respondent argues he would suffer plain legal prejudice if the Court were to allow Annable to dismiss without prejudice.

---

[3] Respondent contends that a second petition by Annable would be time-barred. Doc. 14. P.4. The Court need not reach the merits of that contention on this motion.

**B. Application of Four-Factor Test**

In *Grover*, the Sixth Circuit applied a four-factor test to determine whether a dismissal under Rule 41(a)(2) would prejudice a defendant. The four factors to be considered are:

(1) Defendant's effort and expense of preparation for trial;

(2) Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action;

(3) Plaintiff's failure to sufficiently explain the need for dismissal; and

(4) Whether the defendant has filed a motion for summary judgment.

*Grover*, 33 F.3d at 718.

"There is no requirement that each of the *Grover* factors be resolved in favor of the moving party before dismissal is appropriate. The factors are 'simply a guide for the trial judge, in whom the discretion ultimately rests.'" *Rosenthal v. Bridgestone/Firestone*, 217 Fed. Appx. 498, 502 (citing *Kovalic v. DEC Intern., Inc.*, 855 F.2d 471, 474).

**1.  Respondent's Effort and Expense**

Respondent argues that the first *Grover* factor (defendant's effort and expense for trial) weighs against voluntary dismissal because Respondent has already filed his Answer/Return of Writ. Doc. 14. P. 2. Respondent argues he expended time, effort, and expense to obtain state records and transcripts. Id. Although Respondent has expended time, money, and resources in producing an Answer/Return of Writ, it is important to note that Respondent was not required to prepare a Reply to a Traverse in this case since Annable sought to dismiss prior to filing a Traverse. Additionally, Respondent did not file any other motions, no discovery was conducted,

4

and no in-person appearances in Court were required, e.g., attending an evidentiary hearing. As such, the first factor weighs only slightly in favor of Respondent.

**2.     Excessive delay and lack of diligence on the part of the plaintiff**

The second *Grover* factor weighs in favor of dismissal because Annable has not delayed excessively nor has he shown a lack of diligence. Annable made two requests for extensions of time to file his Traverse, for a total of 120 days. Doc. 9, 11. In requesting his second extension, Annable obtained a letter from Respondent's Library Assistant, Cheryl Fry, indicating that the legal research computer at the Mansfield Correctional Institution, where Annable is incarcerated, had been out of order for a period of time. Doc. 11-1. As there was no excessive delay or lack of diligence, the second factor weighs in favor of dismissal.

**3.     Insufficient explanation of the need for a dismissal**

The third *Grover* factor also favors dismissal because Annable has provided sufficient explanation for his need to seek a dismissal. Annable states the reasons for his request are a "loss of mental capacity from assault suffered while incarcerated. Combined with severe limitations involving record access, and case law availability; deplorable conditions making any fair or reasonable expectation of 'not' wasting this Honorable Court's time, futile." Doc. 13. Respondent claims that Annable's complained loss of mental capacity from assault is unsupported, stating "there is no evidence that this 'assault' caused a 'loss of mental capacity.'" Doc 14. P.3. However, this factor does not require sufficient *evidence* of a need for dismissal,

5

only *explanation*. Annable also complained of "severe limitations involving record access, and case law availability," which, as noted above, he complained of previously to this Court and supported with a letter from the prison library assistant. Doc. 9. P.2; Doc. 11-1. P.2. Additionally, Annable cites judicial efficiency as a cause for his need for a dismissal. Annable thus has provided a sufficient explanation of his need to seek a dismissal.

**4.     No motion for summary judgment has been filed by defendant**

Respondent did not file a motion for summary judgment. As such, the final *Grover* factor weighs in favor of dismissal.

### III.     CONCLUSION

Under the circumstances presented in this case, the factors enumerated by the Sixth Circuit in *Grover*, taken together, weigh in favor of granting a Rule 41(a)(2) dismissal without prejudice. For the reasons provided above, the undersigned recommends that Petitioner's Notice of Withdrawal of Habeas Corpus Petition be treated as a motion to dismiss, that Petitioner's motion to dismiss be GRANTED, and that this case be dismissed without prejudice.

August 26, 2013

*/s/ Kathleen B. Burke*
**KATHLEEN B. BURKE**
**U.S. MAGISTRATE JUDGE**

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).